**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 09 2009

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

**LEHMAN BROTHERS HOLDINGS INC.,**

    Plaintiff,

vs.

**BANK OF ENGLAND** d/b/a ENG Lending and as successor by merger to Bank of England Mortgage Corporation,

    Defendant.

Civil Action No. 4:09-CV-198 BSM

This case assigned to District Judge Miller
and to Magistrate Judge Deere

---

## COMPLAINT

Plaintiff, Lehman Brothers Holdings Inc. (**LBHI**), for its Complaint against defendant, Bank of England d/b/a ENG Lending and as successor by merger to Bank of England Mortgage Corporation (**England**), alleges as follows:

### NATURE OF ACTION

1. Lehman Brothers Bank, FSB (**LBB**, and together with LBHI, **Lehman**) purchased mortgage loans from England pursuant to written contracts. LBB subsequently assigned its rights under those contracts to LBHI.

2. England breached the contracts with respect to certain mortgage loans. In this action, LBHI seeks redress for those breaches and states claims against England for breach of contract and specific performance.

{FT568945;1}

## PARTIES

3. Plaintiff LBHI is a Delaware corporation with its principal place of business in New York, New York.

4. Defendant England is a Federal Reserve non-member bank organized under the laws of the State of Arkansas with its principal place of business in England, Arkansas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in the district and under 28 U.S.C. § 1391(c) because defendant is a corporation that is deemed to reside in the district.

## FACTUAL ALLEGATIONS

7. Lehman engages in the purchase and sale of mortgage loans.

8. England engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

9. England entered into written Loan Purchase Agreements with LBB, including the Loan Purchase Agreement (Servicing Released Transactions) dated October 17, 2006 (the **Agreements**).

10. The Agreements specifically incorporate the terms and conditions of the Seller's Guide of Lehman's agent, Aurora Loan Services LLC, which sets forth additional duties and obligations of England.

11. Each of the Agreements and the Seller's Guide sets forth the duties and obligations of the parties with respect to the sale and purchase of mortgage loans, including, but not limited to, purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

12. England sold mortgage loans to Lehman under the Agreements and Seller's Guide, including a loan bearing Aurora Loan No. 40227134 (the **EPD Loan**).

13. Subsequent to the sales, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI.

14. The Agreements and Seller's Guide specify that LBHI or its agents may demand that England repurchase, and that England shall repurchase, mortgage loans that become Early Payment Defaults.

15. A loan becomes an Early Payment Default under the Agreements and Seller's Guide in one of two ways. For loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. For loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment Default if the borrower fails to make the first or second monthly payment within 30 days of each such monthly payment's respective due date.

16. The EPD Loan became an Early Payment Default because the borrower failed to make the first and/or second payments within 30 days of the due dates for those payments.

17. LBHI, through its agent, provided England with written notice concerning the fact that the EPD Loan became an Early Payment Default and demanded that England repurchase the loan.

18. England has refused or otherwise failed to repurchase the EPD Loan and has otherwise failed to comply with its obligations under the Agreements and Seller's Guide.

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

19. LBHI realleges paragraphs 1 – 18.

20. Each of the Agreements and the Seller's Guide is a valid and enforceable contract that is binding upon England.

21. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

22. England breached the Agreements and Seller's Guide by refusing or otherwise failing to repurchase the EPD Loan.

23. England's breaches of the Agreements and Seller's Guide resulted in actual and consequential damages to LBHI in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### SPECIFIC PERFORMANCE

24. LBHI realleges paragraphs 1 – 23.

25. In the alternative, LBHI seeks specific performance.

26. Each of the Agreements and the Seller's Guide is a valid and enforceable contract that is binding upon England.

27. The contractual repurchase provisions are definite.

28. The Agreements and Seller's Guide are just and reasonable.

29. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and the Seller's Guide.

30. England breached the Agreements and Seller's Guide by refusing or otherwise failing to repurchase the EPD Loan.

31. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate remedy at law for redress of England's breach of its obligation to repurchase the EPD Loan.

32. LBHI is therefore entitled to an Order of this Court requiring specific performance by England of its repurchase obligations under the Agreements and Seller's Guide.

## RELIEF SOUGHT FOR THESE CLAIMS

*Wherefore*, plaintiff LBHI respectfully asks the Court to grant judgment in its favor and against defendant England:

(a) Awarding Lehman damages sustained as a result of England's breaches of contract with respect to the Agreements and Seller's Guide, in an amount to be determined at trial, plus interest;

(b) Granting Lehman a decree of specific performance requiring England to repurchase immediately the EPD Loan pursuant to the Agreements and Seller's Guide;

(c) Awarding Lehman a declaration that:

(i) England is required to repurchase immediately from LBHI the EPD Loan;

        (ii)    England is required to compensate LBHI immediately for all actual and consequential damages resulting from England's breaches of the Agreements and Seller's Guide.

(d)    Awarding LBHI reasonable attorneys' fees and costs incurred in litigating this action; and

(e)    Awarding LBHI such other and further relief as the Court deems just and proper.

Dated: Fort Lauderdale, Florida
March 6, 2009

_____
Patrick J. Walsh (petition for enrollment pending)
**AKERMAN SENTERFITT**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Telephone: 954.463.2700
Facsimile:  954.463.2224
e-mail:     patrick.walsh@akerman.com

Kent C. Modesitt (pro hac vice application pending)
**REILLY POZNER LLP**
511 16th Street, Suite 700
Denver, Colorado 80202
Telephone: 303.893.6100
Facsimile:  303.893.6110
e-mail:     kmodesitt@rplaw.com

*Attorneys for Lehman Brothers Holdings Inc.*