UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LEHMAN BROTHERS HOLDINGS INC.**                                                          **PLAINTIFF**

V.                                          CASE NO. 4:09-CV-00198-BSM

**BANK OF ENGLAND d/b/a ENG LENDING and**
**as successor by merger to BANK OF ENGLAND**
**MORTGAGE CORPORATION**                                                                   **DEFENDANT**

### BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Bank of England d/b/a Eng Lending and as successor by merger to Bank of England Mortgage Corporation ("**Defendant**" or the "**Bank**") submits this Brief in Support of its Motion to Dismiss (the "**Motion**") the Complaint filed herein by Lehman Brothers Holdings, Inc. ("**Plaintiff**" or "**LBHI**") for the Court's use and consideration in ruling upon the Motion.

### FACTUAL BACKGROUND

On or about March 9, 2009, Plaintiff filed its Complaint (the "**Complaint**") with this Court, seeking, *inter alia*, damages allegedly sustained as a result of the Bank's purported breach of contract, or, in the alternative, a decree of specific performance requiring the Bank to immediately repurchase a certain mortgage loan. According to the Clerk of this Court, a summons was signed, sealed, and issued to Plaintiff's counsel for service upon Defendant. No summons, however, accompanied the Complaint when received by Defendant. Defendant has not waived service of process.

## LEGAL ARGUMENT

    A.    **Insufficiency of Process and Insufficiency of Service of Process.**

A motion to dismiss a complaint may be based upon insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4) & 12(b)(5). Rule 4 of the Federal Rules of Civil Procedure governs process and service of process. Specifically, both a summons of proper form and issuance, along with a copy of the complaint, must be served together upon the defendant. Fed. R. Civ. P. 4(c)(1).

Although, according to the Clerk of this Court, a summons was signed, sealed, and issued to Plaintiff's counsel for service upon Defendant, no summons accompanied the Complaint when received by Defendant. Consequently, Plaintiff has failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure, and the Complaint must be dismissed against Defendant pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

    B.    **Failure to State a Claim Upon Which Relief Can be Granted.**

A motion to dismiss a cause of action may be based upon the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim for breach of contract, the following must be alleged in the complaint: (1) the existence of an enforceable contract between the parties; (2) the obligations of the defendant pursuant to the contract; (3) that the defendant breached the contract by not performing according to the contract; and (4) that the plaintiff was damaged as a result of the defendant's breach. *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004).

Here, Plaintiff's Complaint failed to adequately allege the obligations of Defendant under the purported contract. Specifically, the conditions precedent necessary for the obligation of the Bank to repurchase the mortgage loan, under the purported contract, failed to be adequately alleged

in the Complaint. Moreover, the purported contract that Plaintiff claims was breached by Defendant was not attached and incorporated by reference to the Complaint, thereby making it impossible to determine what obligations, if any, the parties were under pursuant to the contract. Consequently, because Plaintiff has failed to state a claim upon which relief can be granted, the Complaint must be dismissed against Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

As established herein, Defendant has demonstrated its entitlement to, and hereby requests, dismissal of Plaintiff's Complaint with prejudice; for its costs herein expended, including reasonable attorney's fees; and for all other proper relief, as set forth more fully in the Motion.

Respectfully submitted,

**HOPKINS LAW FIRM**
**A Professional Association**
Attorneys at Law
1000 West Second Street
Little Rock, Arkansas 72201
www.hopkinslawfirm.com
Telephone: (501) 375-1517
Facsimile:   (501) 375-0231
Email: rcaststeel@hopkinslawfirm.com

By: /s/ Ryan J. Caststeel
    **Gregory M. Hopkins**
    Arkansas Bar No. 81093

    **Stewart Headlee**
    Arkansas Bar No. 2003091

    **Ryan J. Caststeel**
    Arkansas Bar No. 2007212

**CERTIFICATE OF SERVICE**

      I, Ryan J. Caststeel, hereby certify that on March 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Patrick J. Walsh, Esq.
AKERMAN SENTERFITT
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301

Kent C. Modesitt, Esq.
REILLY POZNER LLP
511 16th Street, Suite 700
Denver, Colorado 80202

                                                /s/ Ryan J. Caststeel
                                                **Ryan J. Caststeel**