UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LEHMAN BROTHERS HOLDINGS, INC.**                                                             **PLAINTIFF**

v.                                    **CASE NO. 4:09-CV-00198-BSM**

**BANK OF ENGLAND, as successor
by merger to Bank of England Mortgage
Corporation, d/b/a ENG Lending**                                                                **DEFENDANT**

### ORDER

Before the court is defendant's motion to dismiss. "Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

Defendant Bank of England ("England") moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process. In response, plaintiff Lehman Brothers Holdings, Inc. ("Lehman") agrees that it has not yet served England with process, but states that the time

to effectuate service has not yet run. The court agrees that the motion to dismiss the complaint for insufficient process or insufficient service of process is premature.

Additionally, England moves to dismiss for failure to state a claim. England asserts that the complaint should be dismissed because Lehman failed to attach and incorporate the contract at issue. Lehman states that it did not attach the Agreements and Seller's Guide to the complaint because the documents contain highly confidential proprietary information. Lehman correctly notes that the exhibit requirement is found in Arkansas Rule of Civil Procedure 10(d), not in the Federal Rules of Civil Procedure.

England also asserts that Lehman failed to adequately assert the conditions precedent necessary for its obligation to repurchase the mortgage loan in the complaint. In response, Lehman asserts that the complaint gives England more than sufficient notice concerning the circumstances underlying the breach of contract claim. Lehman also asserts that England's arguments regarding the citation of conditions precedent are conclusory. Nevertheless, Lehman asserts that the complaint clearly alleges that under the Agreements and Seller's Guide, a loan sold to Lehman by England may be subject to a demand for repurchase if the loan becomes an Early Payment Default and sets forth the circumstances under which a loan may become an Early Default Payment. Additionally, Lehman states that the complaint alleges that a certain loan became an Early Payment Default, that it caused England to receive written notice of that fact, and that it demanded England repurchase the loan, but that

England failed to honor its obligation. Based upon the present record, the court finds that the complaint adequately states a claim. England's motion is denied.

Accordingly, defendants' motion to dismiss (Doc. No. 3) is denied.

IT IS SO ORDERED THIS 13th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE