UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LEHMAN BROTHERS HOLDINGS, INC.**                                               **PLAINTIFF**

v.                                    CASE NO. 4:09-CV-00198-BSM

**BANK OF ENGLAND, as successor**
**by merger to Bank of England Mortgage**
**Corporation, d/b/a ENG Lending**                                               **DEFENDANT**

## ORDER

The motion of defendant Bank of England ("England"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a), to dismiss the first amended complaint of Lehman Brothers Holdings, Inc. ("Lehman"), is denied because the first amended complaint adequately states a claim and provides England with fair notice of the claims.

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)).  Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*.  "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

England's motion to dismiss the original complaint for insufficient process, insufficient service of process, and failure to state a claim was denied on April 13, 2009.

England acknowledges the April 13 order, but asserts that the present motion seeks reconsideration of the issues raised herein and seeks to preserve its defenses. England contends that the first amended complaint provides neither fair notice nor sufficient factual information of Lehman's claims and the grounds upon which the claims rest. Specifically, England asserts that the amended complaint fails to sufficiently identify the subject loan at issue because the loan is identified as Aurora Loan No. 40227183, an identification number solely within the knowledge of Lehman and Aurora Loan Services, LLC. England also asserts that the loan could have been identified by some other means, i.e. by identifying the borrower of the subject loan, but Lehman failed to do so. England further states that the amended complaint fails to state whether the subject loan was prior-approved by the purchaser or purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions.

Lehman responds that the amended complaint simply corrected the loan number referenced in paragraph 12 of the original complaint, and no other substantive changes were made. The amended complaint alleges that England received written notice demanding repurchase of the loan, which implies that England has notice of the loan at issue. Lehman asserts that the details sought by England may be an appropriate subject for discovery, but are not required at the pleading stage.

England's motion is denied because the first amended complaint adequately states a claim and provides England with fair notice of the claims. .

Accordingly, England's motion to dismiss the first amended complaint (Doc. No. 16) is denied.

IT IS SO ORDERED THIS 26th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE